1    John H. Weston (SBN: 46146)
     johnhweston@wgdlaw.com
2    G. Randall Garrou (SBN: 74442)
     randygarrou@wgdlaw.com
3    WESTON, GARROU, WALTERS
     & MOONEY
4    12121 Wilshire Blvd. Suite 900
     Los Angeles, California 90025-1176
5    Telephone:  (310) 442-0072
     Facsimile:  (310) 442-0899
6
     Marc J. Randazza (Pro Hac Vice Pending)
7    Florida Bar No. 625566
     Massachusetts Bar No. 651477
8    mrandazza@firstamendment.com
     Weston, Garrou, Walters & Mooney
9    781 Douglas Avenue
     Altamonte Springs, FL 32714
10   Telephone: (407) 975-9150
     Facsimile: (407) 774-6151
11
     Attorneys for Plaintiff
12   SOLID HOST, NL

FILED

2008 AUG 18 PM 3: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

13

# UNITED STATES DISTRICT COURT

14

## CENTRAL DISTRICT OF CALIFORNIA

15

16   SOLID HOST, NL

17              Plaintiff,

18       vs.

19   NAMECHEAP, INC., a Delaware Corp.
     d/b/a Namecheap and Whois Guard
20   Protected; DEMAND MEDIA, INC., a
     Washington Corp. with its principal place
21   of business in Los Angeles, d/b/a eNom,
     and JOHN DOE 1,
22
                Defendants.
23

Case No. CV08 - 05414 (Ex)

**COMPLAINT FOR
CYBERPIRACY IN VIOLATION
OF 15 U.S.C. § 1125(d),
COMPUTER FRAUD AND ABUSE
IN VIOLATION OF 18 U.S.C. §
1030, AND STATE LAW CLAIM
FOR CONVERSION OF
PERSONAL PROPERTY**

**JURY TRIAL REQUESTED**

24

25

26

27

28

PRG7062.DOC

Plaintiff Solid Host, NL (hereinafter "Plaintiff" or "Solid Host") alleges:

## JURISDICTION

1.     The Plaintiff, Solid Host, NL, seeks injunctive relief from all defendants to accomplish the return of its stolen Internet domain name <solidhost.com>, and compensation to Solid Host, NL from defendant John Doe 1 for loss of use of its property.   The plaintiff seeks relief under 15 U.S.C. §1125(d) (the federal Cyber Piracy Statute) and 18 U.S.C. § 1030 (the federal Computer Fraud and Abuse Statute).   Accordingly, plaintiff invokes this Court's federal question jurisdiction under 28 U.S.C. §1331 and its jurisdiction over trademark laws conferred by 28 U.S.C. § 1338 (a).

2.     A portion of the relief sought by plaintiff is alternatively based, in part, upon claims arising under state law for conversion of personal property and unlawful or unfair competition or business practices under California Business and Professions Code 17200, *et seq.*.   Pursuant to 28 U.S.C. § 1367(a), this Court is entitled to exercise supplemental jurisdiction over such claims because all such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Because this Complaint asserts a claim of unfair competition when joined with a substantial claim under the trademark laws, direct federal jurisdiction is additionally conferred by 28 U.S.C. 1338(b).

3.     Complete diversity also exists between the Plaintiff and all Defendants.

4.     The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     This Court therefore also has diversity jurisdiction under 28 U.S.C. § 1332.

## PARTIES

6.     Plaintiff, Solid Host, NL ("Solid Host") is a Netherlands Corporation. Its business consists of providing computer services to its customers, allowing its

2

PRG7062.DOC

customers to provide content to the Internet in the form of web pages, and email services to its customers.   The domain name <solidhost.com> is the Plaintiff's property.

7.    Defendant NameCheap, Inc. is a Delaware corporation doing business in this district under the names NameCheap and Whois Guard Protected (hereinafter "Whois Guard").  Whois Guard is the current, and unlawful, registrant of record for the Plaintiff's domain name <solidhost.com>.

8.    Whois Guard is a domain registration identity masking service.  This kind of service registers domain names for third parties who wish to keep their identity a secret.  These services have legitimate uses, but are often (as in the instant case) utilized and employed by persons involved in unlawful activity, and who seek to evade liability for their actions.

9.    Defendant John Doe 1, is an unknown individual who has thus far used the aliases "mario.stoker@gmail.com" and "Marcello"  (hereinafter "John Doe 1").

10.    In ways presently unknown, John Doe 1 unlawfully gained access to the Plaintiff's domain registration account.

11.    Defendant Demand Media, Inc. ("Demand Media") is a domain name registration company doing business as eNom, and is a Washington corporation with a principal place of business in the Central District of California.  Demand Media, Inc., dba eNom, is the registrar of plaintiff's domain name, <solidhost.com>.

## GENERAL ALLEGATIONS

12.    Since at least December 2004 or before, Solid Host registered its domain name <solidhost.com> with eNom and since that date the domain has been the sole property of Solid Host and its sole proprietor, Andre Van Vliet.

13.    Since at least December 2004, the ownership of <solidhost.com> has been absolute and title to such property has been in the name of Solid Host or its legal predecessor in interest.

3

PRG7062.DOC

14.     The Plaintiff has never expressed any interest to abandon any property right in <solidhost.com>.

15.     The Plaintiff has actively been using its domain name of solidhost.com to conduct its ongoing business, and keeping such domain name is critical to its economic success.

16.     The Plaintiff has not abandoned its domain name, nor has it intended to do so.    Thus, Solid Host was never divested of exclusive ownership of <solidhost.com>.

17.     On or about Monday, August 4, 2008, due to a security breach at the Plaintiff's registrar, eNom, the Plaintiff's account was compromised, and as a result, Defendant John Doe 1, a hacker, gained access to the Plaintiff's account and stole the Plaintiff's domain, <solidhost.com>.

18.     Defendant John Doe 1 then moved the domain name to another account with the same registrar, eNom.  Once it did that, it created its own webpage which would be seen by plaintiff's customers, which said that the domain name was for sale.  Consequently, plaintiff's customers were misled into believing that plaintiff's company was no longer in business or, in any event, were prevented from using plaintiff's own website to conduct business with plaintiff.

19.     John Doe 1 then caused the domain name to be registered (with eNom) by Whois Guard, rather than in his own name.  Consequently Whois Guard is the entity that currently is listed as the registrant of record for the Plaintiff's domain name.

20.     Defendant Demand Media (the registrar, and the owner of eNom) was a depository and/or bailee.  It owes statutory and/or common law duties to the Plaintiff with respect to the relevant property.

21.     By allowing John Doe 1 access to the Plaintiff's account, and by failing to adequately protect the Plaintiff's property, Demand Media was negligent and/or grossly negligent.

4

PRG7062.DOC

22. Demand Media knew, or reasonably should have known (due to multiple indicators) that there had been a security breach.

23. By failing to establish procedures for the prompt return of hacked domain names to their rightful owners, Demand Media was negligent and/or grossly negligent, and is causing plaintiff to suffer great monetary as well as non-monetary damages.

24. Prior to the theft, while Solid Host's property was entrusted to Demand Media for safekeeping, Solid Host clearly and unmistakably expressed its intention to Demand Media and its representatives *not* to abandon its property.

25. Solid Host did not authorize Demand Media to release <solidhost.com>.

26. Demand Media did not provide the Plaintiff with appropriate notice, nor an opportunity to be heard by a neutral and impartial adjudicator, before depriving Solid Host of its valuable property.

27. At the time of the theft of <solidhost.com>, the Plaintiff's account with Demand Media's registrar service, eNom, was paid in full, and was not due to expire, nor was a renewal payment due.

28. Demand Media failed to protect Solid Host's property, <solidhost.com> from this known or obvious threat of hacking.

29. Because Demand Media permitted the theft of the Plaintiff's property and Defendant Whois Guard accepted control of the Plaintiff's property, the Plaintiff's Internet hosting business  has been shut down.

30. Whois Guard, and Demand Media were both provided with information and documentation that would convince any reasonable person that the Plaintiff's property had been stolen.   However, after receiving such documentation and information, these defendants have nonetheless taken a position that it is preferable to avoid potential conflict with a criminal, John Doe 1, than to act reasonably under the circumstances by promptly restoring the *status quo ante*.

PRG7062.DOC

31.    Demand Media should have detected the fraudulent activity and/or protected its data to prevent the theft of Plaintiff's property.

32.    Solid Host promptly had its legal counsel write to Demand Media and NameCheap, informing them of the problem and demanding a return of the Plaintiff's property, even on a temporary basis.    Both of these defendants expressly refused this request.

33.    Solid Host then requested that Demand Media at least restore the functionality of Solid Host's website and web hosting service pending a resolution of the ownership of <solidhost.com>.  Demand Media refused to do so.

34.    Whois Guard and Demand Media have the power and authority to restore the *status quo ante*, but they have refused to do so without a court order, thus necessitating being named as defendants in this action.

35.    Demand Media has reportedly seized domain names from eNom registrants in the past for perceived infringements upon the eNom trademark, thus demonstrating that when motivated by self-interest, Demand Media acts unilaterally to transfer ownership of domain names.

36.    Whois Guard and Demand Media, once informed of and provided with the attached documentation, should have restored the Plaintiff's business and property to the status quo ante pending the outcome of this dispute in order to mitigate the Plaintiff's damages.

37.    ICANN is the Internet Corporation for Assigned Names and Numbers, the governing body that grants accreditation to domain name registrars such as eNom.

38.    Demand Media and/or Whois Guard could have restored plaintiff's business without running afoul of any agreement with ICANN or John Doe 1 by restoring the Plaintiff's website's functionality pending a resolution of the ownership dispute over <solidhost.com>.  They both refused to do so.

6

PRG7062.DOC

39.   The Defendants' failure to prevent the theft was negligent or grossly negligent.

40.   The Defendants' failure to mitigate the Plaintiff's damages is evidence of an intention to harm the Plaintiff or a reckless disregard for the harm visited upon the Plaintiff.

41.   Instead of returning <solidhost.com,> without compensation, to Solid Host, Defendant John Doe 1, when timely asked by Solid Host in writing to return Solid Host's property promptly, demanded money from Solid Host, and refused to return <solidhost.com> to Solid Host, NL absent such payment.

42.   John Doe 1 has intentionally held Solid Host's property (i.e., its domain name, <solidhost.com>) hostage and communicated to plaintiff that he will not return the Plaintiff's property unless he is paid at least $12,000.

43.   Solid Host wants its property back.

44.   Defendant Whois Guard has been paid money by Defendant John Doe 1 to protect his anonymity and also to illegally register plaintiff's domain name to an entity other than plaintiff and without plaintiff's permission, such that the use of the domain name will be controlled exclusively by defendant John Doe 1.  In short, Whois Guard is a paid accomplice to defendant John Doe 1's unlawful acts.

45.   Likewise, Defendant John Doe 1 has paid money to Demand Media to deliver <solidhost.com> to Defendant John Doe 1 and Whois Guard instead of returning the Plaintiff's property to its control.

46.    Defendant John Doe 1 has paid Whois Guard an additional fee or other valuable consideration to act as the registrant of the domain name <solidhost.com> and under its "Whois Guard" service, Whois Guard (and thus NameCheap) is, in fact, the current registrant of the domain name.

47.   Whois Guard is profiting and being paid by Defendant John Doe 1 to knowingly interfere with the Plaintiff's exclusive right of ownership of its personal

7

1  property, and to keep the property in John Doe 1's possession, instead of returning it
2  to Solid Host.

3      48.    Likewise, Demand Media profited and is profiting by knowingly
4  interfering with the Plaintiff's exclusive right of ownership of its own personal
5  property.

6      49.    Defendant John Doe 1 is attempting to profit from the conversion of the
7  Plaintiff's property by using the address <solidhost.com> without authorization, to
8  attempt to sell the Plaintiff's property to any third party.  It also attempted to profit
9  from its theft of Plaintiff's property by its unsuccessful attempt to sell it back to the
10 Plaintiff.  It may in fact have already profited by gathering personal and proprietary
11 information about plaintiff and its customers through the misuse of solid host email
12 addresses, which it now fully controls.

13     50.    The unauthorized transfer of <solidhost.com> to defendants Whois
14 Guard/NameCheap, and/or John Doe 1 completely deprived the Plaintiff of control
15 over <solidhost.com>, by placing it in the control of Defendant John Doe 1, to the
16 exclusion of the Plaintiff.

17 **<u>COUNT I</u>**

18 **<u>STATE LAW CLAIM (AGAINST DEFENDANT JOHN DOE 1)</u>**

19 **<u>FOR CONVERSION</u>**

20

21     51.    Plaintiff realleges and incorporates by reference the allegations in
22 paragraphs 1 - 50, as if set forth fully herein.

23     52.    Solid Host is the exclusive and rightful owner of <solidhost.com,> and
24 <solidhost.com> is Solid Host's personal property.

25     53.    Defendant John Doe 1 has tortiously converted the personal property of
26 Solid Host, namely <solidhost.com>.

27     54.    When told to return Solid Host's property, Defendant John Doe 1 has
28 refused.

8

PRG7062.DOC

55.   John Doe 1 has committed the tort of conversion willfully, knowingly, intentionally, and with a bad faith intent to profit.

56.   Solid Host has the legal right to an order compelling John Doe 1 to return Solid Host's property.

57.   Solid Host has the legal right to full compensation from John Doe 1 for loss of use to its property that has occurred throughout the period of time that John Doe 1 has refused to return it.

58.   Solid Host has the legal right to full compensation from John Doe 1 for any harm or damage to <solidhost.com>, or reduction in the commercial value of <solidhost.com>, that has occurred as a result of the actions of John Doe 1 during the time of the conversion.

59.   Solid Host prays for this compensation, and for his costs and attorneys' fees incurred in prosecuting his claims for the return and recovery of his property.

## **PRAYER FOR RELIEF ON COUNT I**

Accordingly, Solid Host prays for all of the following relief, and for such other and further relief at law or in equity that the Court may deem just and proper:

1.   A court order compelling John Doe 1 and/or any relevant domain name registrar to take any and all steps to return <solidhost.com> to Solid Host;

2.   The costs of the action;

3.   Disgorgement of all of John Doe 1's profits;

4.   Compensation from John Doe 1 for Solid Host's loss of use of <solidhost.com,> during the period of John Doe 1 refusal to return it;

5.   Compensation from John Doe 1 for any diminution in the value of <solidhost.com> resulting from John Doe 1's actions during the period of time <solidhost.com> has not been returned;

6.   Reasonable attorneys' fees; and

7.   A permanent injunction against any further misconduct.

## **COUNT II**

9

PRG7062.DOC

## **STATE LAW CLAIM AGAINST DEFENDANT**

## **WHOIS GUARD/ NAMECHEAP FOR CONVERSION**

60.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 59, as if set forth fully herein.

61.     Solid Host is the exclusive and rightful owner of <solidhost.com,> and <solidhost.com> is Solid Host's personal property.

62.     Defendant Whois Guard has tortiously converted the personal property of Solid Host, namely <solidhost.com>.

63.     When told to return Solid Host's property, Defendant Whois Guard has refused.

64.     Whois Guard has committed the tort of conversion willfully, knowingly, intentionally, and with a bad faith intent to profit.

65.     Solid Host has the legal right to an order compelling Whois Guard to return Solid Host's property.

## **PRAYER FOR RELIEF ON COUNT II**

Accordingly, Solid Host prays for the following relief against Whois Guard / NameCheap with respect to Count II:

1.     A court order compelling Defendant NameCheap, Inc. and its dba's, Namecheap and Whois Guard,,to take any and all necessary steps to return <solidhost.com> to Solid Host, NL.

## **COUNT III**

## **STATE LAW CLAIM AGAINST DEFENDANT**

## **DEMAND MEDIA FOR CONVERSION**

10

PRG7062.DOC

66.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-67 as though fully set forth herein.

67.    Solid Host is the exclusive and rightful owner of <solidhost.com>, and <solidhost.com> is Solid Host's personal property.

68.    Demand Media has tortiously converted the personal property of Solid Host, namely <solidhost.com>, and profited by handing Solid Host's property over to the control of Defendant John Doe 1.

69.    When told to return Solid Host's property to Solid Host, Defendant Demand Media refused.

70.    Demand Media has committed the tort of conversion willfully, knowingly, intentionally, and with a bad faith intent to profit.

71.    In the alternative, Demand Media has negligently committed the tort of conversion.

72.    Solid Host has the legal right to an order compelling Demand Media through the registrar, eNom, to return its property.

### PRAYER FOR RELIEF ON COUNT III

Accordingly, Solid Host prays for all of the following relief against Demand Media with respect to Count III :

1.    A court order compelling defendant Demand Media, Inc. dba eNom, to take any and all necessary steps to return <solidhost.com> to Solid Host, NL; and;

### COUNT IV
### FEDERAL CYBERPIRACY CLAIM
### AGAINST DEFENDANT "JOHN DOE 1")

73.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-72 as though fully set forth herein.

11

PRG7062.DOC

74.   Plaintiff has used the service mark Solid Host in commerce, on and in connection with services, to serve a source-identifying function.

75.   Plaintiff has thereby acquired common-law trademark rights to the service mark Solid Host.

76.   Plaintiff's services using <solidhost.com> have been visible and available throughout the United States, and Plaintiff has used the mark "Solid Host" in interstate and international commerce with American customers.  Thus Solid Host is a common-law trademark in the United States.

77.   Without Plaintiff's authorization, and in violation of Plaintiff's rights under 15 U.S.C. § 1125(d), John Doe 1 has unlawfully registered, trafficked in, and used the Internet domain name <solidhost.com>.

78.   The Internet address registered, trafficked in, and unlawfully used by John Doe 1, <solidhost.com> is not only confusingly similar to Plaintiff's service mark Solid Host, but it is identical to Plaintiff's mark.

79.   Plaintiff's mark was distinctive at the time of Defendant John Doe 1's initial registration, trafficking, and use.

80.   Defendant John Doe 1, at all relevant times, has had a bad faith intent to profit from the Plaintiff's service mark <solidhost.com>.

81.   Defendant John Doe 1 has never had any genuine belief, nor any reasonable basis to believe, that his registration of the domain name is "a fair use or otherwise lawful," as that term is used in 15 U.S.C. § 1125(d)(1)(B)(ii).

82.   Accordingly, under 15 U.S.C. § 1125(d)(1)(C), Solid Host seeks an order from the Court, as authorized by the statute, directing John Doe 1 and/or the registrar of the domain name <solidhost.com> to return <solidhost.com> to the ownership and control of Solid Host, NL.

83.   Under 15 U.S.C. § 1117, John Doe 1 is liable to Solid Host for disgorgement of profits, for any damages to Solid Host, for the costs of the action, and for statutory damages of $1,000 to $100,000.00.

84.    This is an "exceptional case," such that Solid Host is entitled to recover its attorneys fees from John Doe 1.

### PRAYER FOR RELIEF ON COUNT IV

Accordingly, Solid Host prays for all of the following relief, and for such other and further relief at law or in equity that the Court may deem just and proper:

1.    A court order compelling John Doe 1 and/or any relevant defendants and/or domain name registrars to take any and all steps to return <solidhost.com> to Solid Host;

2.    The costs of the action;

3.    Disgorgement of all of John Doe 1's profits;

4.    Compensation for Solid Host's loss of use of <solidhost.com,> during the period of John Doe 1's and Name Cheap's refusal to return it;

5.    Compensation from John Doe 1 for any dimunition in the value of <solidhost.com> resulting from John Doe 1's actions during the period of time <solidhost.com> has not been returned;

6.    Reasonable attorneys' fees;

7.    Statutory damages of $100,000.00; and

8.    A permanent injunction against any further misconduct.

### COUNT V

### FEDERAL CYBERPIRACY CLAIM

### AGAINST NAMECHEAP, INC., D/B/A WHOIS GUARD

85.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-89 as though fully set forth herein.

86.    Plaintiff has used the service mark Solid Host in commerce, on and in connection with services, to serve a source-identifying function.

87.    Plaintiff has thereby acquired common-law trademark rights to the service mark Solid Host.

13

PRG7062.DOC

88.     Plaintiff's services using <solidhost.com> have been visible and available throughout the United States, and thus Solid Host is a common-law trademark in the United States.

89.     Without Plaintiff's authorization, and in violation of Plaintiff's rights under 15 U.S.C. § 1125(d), Whois Guard has unlawfully registered, trafficked in, and used the Internet domain name <solidhost.com>.

90.     Whois Guard is the domain name registrant of <solidhost.com> or is the actual registrant's authorized licensee.

91.     The Internet address registered, trafficked in, and unlawfully used by Whois Guard, <solidhost.com> is not only confusingly similar to Plaintiff's service mark Solid Host, but it is identical to Plaintiff's mark.

92.     Plaintiff's mark was distinctive at the time of Defendant Whois Guard's initial registration, trafficking, and use.

93.     Whois Guard, at all relevant times, has had a bad faith intent to profit from the Plaintiff's service mark <solidhost.com>.  Whois Guard is using the domain name <solidhost.com> in bad faith.

94.     Since having been contacted by plaintiff's counsel, Whois Guard has not had any genuine belief, nor any reasonable basis to believe, that its violation of, 15 U.S.C. § 1125(d) is "a fair use or otherwise lawful."

95.     Plaintiff is informed and believes that Whois Guard is fully able to restore plaintiff's domain back to plaintiff's exclusive control.

96.     Accordingly, under 15 U.S.C. § 1125(d)(1)(C), Solid Host seeks an order from the Court, as authorized by the statute, directing Whois Guard to return <solidhost.com> to Solid Host, NL.

## **PRAYER FOR RELIEF ON COUNT V**

Accordingly, Solid Host prays for all of the following relief against Whois Guard with respect to Count V:

PRG7062.DOC

14

1.   A court order compelling Defendants to take any and all steps to return <solidhost.com> to Solid Host;

### COUNT VI

### FEDERAL CLAIM AGAINST DEFENDANT "JOHN DOE 1" FOR

### VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

### 18 U.S.C. § 1030

97.   Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-95 as though fully set forth herein.

98.   Defendant John Doe 1 accessed the Plaintiff's eNom domain registration account without authorization.

99.   eNom's servers and the Plaintiff's account standing alone each constitute a "computer" within the meaning of 18 U.S.C. § 1030(e)(1).

100.   The "computers" identified above were used in interstate commerce or communication and were protected computers within the meaning of 18 U.S.C. § 1030(e)(2)(B).

101.   John Doe 1 knowingly caused the transmission of a program, information, code, or command targeted at protected computers.

102.   As a result of such conduct, John Doe 1 intentionally caused damage without authorization, to these protected computers.

103.   John Doe 1 intentionally accessed protected computers without authorization, and as a result of such conduct, has caused damage.

104.   The damage caused includes a loss aggregating substantially more than the $5,000 amount required under 18 U.S.C. § 1030(a)(5)(B)(i).

105.   The Plaintiff has been damaged, and has suffered losses, due to these past wrongs by the Defendant.

106.   More importantly, the Plaintiff will suffer irreparable harm if John Doe 1 is allowed to continue to control the Plaintiff's domain.

107.   This conduct is in violation of 18 U.S.C. § 1030(a)(5)(B)(i).

15

PRG7062.DOC

1    **PRAYER FOR RELIEF ON COUNT VI**

2        Accordingly, Solid Host prays for all of the following relief, and for such other

3    and further relief at law or in equity that the Court may deem just and proper:

4        1.    A court order compelling John Doe 1 and any other relevant defendants

5    to take any and all steps to return <solidhost.com> to Solid Host pursuant to 18

6    U.S.C. § 1030(a);

7        2.    A permanent injunction against any further misconduct.

8        3.    Compensatory damages at an amount to be proven at trial as provided

9    for under 18 U.S.C. § 1030(g).

10

11   **JURY DEMAND**

12       Solid Host, NL respectfully demands a trial by jury of all issues so triable.

13

14   Dated:  August 18, 2008        John H. Weston

15                           G. Randall Garrou

                        Marc J. Randazza (Pro Hac Vice pending)

16                           WESTON, GARROU, WALTERS

                        & MOONEY

17

18                   By:

19                           G. Randall Garrou

20                           Attorneys for Plaintiff SOLID

                        HOST, NL

21

22

23

24

25

26

27

28

16

PRG7062.DOC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV08- 5414 MMM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Solid Host, NL

PLAINTIFF(S)

v.

NameCheap, Inc., a Delaware Corp. dba
NameCheap and WhoisGuard; Demand Media, Inc;
a Washington Corp. with its principal place
of business in Los Angeles dba eNom, and
John Doe 1

DEFENDANT(S).

CASE NUMBER

CV08-05414 MMM (Ex)

SUMMONS

TO:  DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __G. Randall Garrou, Esq.__, whose address is __12121 Wilshire Blvd., Suite 900, LosAngeles, CA 90025__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 1 8 2008__

By: _Natalie Gongoria_

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Solid Host, NL<br><br>PLAINTIFF(S)<br><br>v.<br><br>NameCheap, Inc., a Delaware Corp. dba NameCheap and WhoisGuard; Demand Media, Inc; a Washington Corp. with its principal place of business in Los Angeles dba eNom, and John Doe 1<br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-05414 MMM (Ex)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _G. Randall Garrou, Esq._____, whose address is _12121 Wilshire Blvd., Suite 900, LosAngeles, CA 90025_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____AUG 1 8 2008_____

By: _____**NATALIE LONGORIA**_____

Deputy Clerk

*(Seal of the Court)*

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Solid Host, NL | **DEFENDANTS**<br>NameCheap, Inc., a Delaware Corp. dba NameCheap and Whois Guard; Demand Media, Inc., a Washington Corp. with its principal place of business in Los Angeles, dba eNom, and John Doe 1 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Weston, Garrou, Walters & Mooney<br>12121 Wilshire Blvd., Suite 900, Los Angeles, CA 90025 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. Section 1030 (Computer Fraud and Abuse Act), and 15 U.S.C. Section 1125(d) (Cyber Piracy)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV08-05414

**FOR OFFICE USE ONLY:**   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | The Netherlands |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (as to Defendant Demand Media, Inc. dba eNom*~~~ *and also as to* ~~~ | ~~Washington State~~ (as to Defendant NameCheap, Inc. dba NameCheap and Whois Guard) |
|  | Unknown (as to Defendant John Doe 1) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _GK Gaviou_    Date _8-18-08_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 2 of 2