1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (SBN 232780)
1801 Century Park East, Suite 475
Los Angeles, California 90067
Telephone: (310) 282-0690
Facsimile: (310) 282-0691

Attorneys for Defendant NAMECHEAP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID HOST, NL,<br><br>        Plaintiff,<br><br>    vs.<br><br>NAMECHEAP, INC., a Delaware Corp. d/b/a/ Namecheap and Whois Guard Protected; DEMAND MEDIA, INC., a Washington Corp. with its principal place of business in Los Angeles, d/b/a eNom, and JOHN DOE 1,<br><br>        Defendants. | CASE NO.: CV08-05414 MMM (EX)<br><br>**DEFENDANT NAMECHEAP, INC.'S ANSWER TO PLAINTIFF SOLID HOST, NL'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL** |

Defendant NameCheap, Inc. ("Defendant"), by and through its attorneys, Rome & Associates, A.P.C., hereby answers the Second Amended Complaint ("Complaint") filed by Plaintiff Solid Host, N.L. ("Plaintiff") as follows:

## ANSWER TO ALLEGATIONS

## JURISDICTION

1.      Admits, with respect to Paragraph 1 of the Complaint, that Plaintiff has filed a Complaint seeking injunctive relief.  Defendant admits that Plaintiff seeks relief under 15 U.S.C. § 1030 and that Plaintiff alleged this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  Except as so admitted, Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 1 of the Complaint and, therefore, denies same.

2.      Admits, with respect to Paragraph 2 of the Complaint, that Plaintiff seeks relief based upon state law.   Admits that Plaintiff alleged this Court has supplemental jurisdiction under 28 U.S.C. § 1367.  Except as so admitted, Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 2 of the Complaint and, therefore, denies same.

3.      Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint and, therefore, denies same.

4.      Denies the allegations of Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 of the Complaint and, therefore, denies same.

## PARTIES

6.      Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 of the Complaint and, therefore, denies same.

7.      Admits that Defendant is a Delaware corporation, doing business as NameCheap and WhoisGuard.   Defendant denies that it acted as a registrant of the domain name <solidhost.com> at any point.  Defendant denies that it does business

1   at the 8939 S. Sepulveda Blvd. address.  Defendant admits that it may be contacted

2   at support@namecheap.com.

3        8.     Admits that it offers private domain name registration services under

4   the name WhoisGuard and that anonymous registration services, such as

5   WhoisGuard, have legitimate uses.  Defendant lacks knowledge or information

6   sufficient to form a belief as to the remaining allegations of Paragraph 8 of the

7   Complaint and, therefore, denies same.

8        9.     Denies having knowledge or information sufficient to form a belief as

9   to the allegations of Paragraph 9 of the Complaint and, therefore, denies same.

10       10.     Denies having knowledge or information sufficient to form a belief as

11  to the allegations of Paragraph 10 of the Complaint and, therefore, denies same.

12       11.     Denies having knowledge or information sufficient to form a belief as

13  to the allegations of Paragraph 11 of the Complaint and, therefore, denies same.

14       12.     Admits that eNom is a domain name registration company.   Denies

15  having knowledge or information sufficient to form a belief as to the remaining

16  allegations of Paragraph 12 of the Complaint and, therefore, denies same.

17  **<u>GENERAL ALLEGATIONS</u>**

18       13.     Denies having knowledge or information sufficient to form a belief as

19  to the allegations of Paragraph 13 of the Complaint and, therefore, denies same.

20       14.     Denies having knowledge or information sufficient to form a belief as

21  to the allegations of Paragraph 14 of the Complaint and, therefore, denies same.

22       15.     Denies having knowledge or information sufficient to form a belief as

23  to the allegations of Paragraph 15 of the Complaint and, therefore, denies same.

24       16.     Denies having knowledge or information sufficient to form a belief as

25  to the allegations of Paragraph 16 of the Complaint and, therefore, denies same.

26       17.     Denies having knowledge or information sufficient to form a belief as

27  to the allegations of Paragraph 17 of the Complaint and, therefore, denies same.

28

18.     Admits that eNom, as a registrar, sets up domain name registration accounts which establish DNS settings to determine what compute a user is directed to when a specific domain name is inputted into a web browser.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 18 of the Complaint and, therefore, denies same.

19.     Denies being the agent of DOE.  Denies posing as Plaintiff.  Denies moving Plaintiff's domain name to another domain registration account with eNom.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 19 of the Complaint and, therefore, denies same.

20.     Denies redirecting the DNS settings for the solidhost.com domain.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 20 of the Complaint and, therefore, denies same.

21.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint and, therefore, denies same.

22.     Denies playing an indispensable role in the alleged plan of Doe.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 22 of the Complaint and, therefore, denies same.

23.     Denies the allegations of Paragraph 23 of the Complaint.

24.     Admits that a person can search the WHOIS database to find out who owns a particular domain name.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 24 of the Complaint and, therefore, denies same.

25.     Admits that NameCheap provides an anonymous domain name registration service.  Denies having knowledge or information sufficient to form a

ANSWER OF DEFENDANT NAMECHEAP, INC.

belief as to the remaining allegations of Paragraph 25 of the Complaint and, therefore, denies same.

26.     Denies the allegations of Paragraph 26 of the Complaint.

27.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the Complaint and, therefore, denies same.

28.     Admits supplying an anonymous registration service.  Denies the remaining allegations of Paragraph 28 of the Complaint.

29.     Admits that Plaintiff purports to characterize the ICANN Registrar Accreditation Agreement ("ICANN RAA"), which document speaks for itself. Admits that ICANN is the Internet Corporation for Assigned Names and Numbers, and is the governing body that grants accreditation to domain name registrars. Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 29 of the Complaint and, therefore, denies same.

30.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint and, therefore, denies same.

31.     Admits being a domain name registrar and signatory to the ICANN RAA.  Denies remaining allegations of Paragraph 31.

32.     Admits that Plaintiff purports to characterize the ICANN RAA, which speaks for itself.

33.     Admits the allegations of Paragraph 33 of the Complaint.

34.     Admits that Plaintiff purports to characterize the ICANN RAA, which speaks for itself.

35.     Admits that Plaintiff purports to characterize the ICANN RAA, which speaks for itself.

36.     Admits that Plaintiff purports to characterize the ICANN RAA, which speaks for itself.

37.     Admits that WhoisGuard is a dba of Defendant.  Admits that Plaintiff purports to characterize the ICANN RAA, which speaks for itself.  Denies the remaining allegations of Paragraph 37 of the Complaint.

38.     Admits providing anonymous registration services to Doe.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 38 of the Complaint and, therefore, denies same.

39.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 of the Complaint and, therefore, denies same.

40.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the Complaint and, therefore, denies same.

41.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the Complaint and, therefore, denies same.

42.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the Complaint and, therefore, denies same.

43.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 of the Complaint and, therefore, denies same.

44.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the Complaint and, therefore, denies same.

45.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the Complaint and, therefore, denies same.

46.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the Complaint and, therefore, denies same.

47.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 47 of the Complaint and, therefore, denies same.

48.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 48 of the Complaint and, therefore, denies same.

49.     Denies the allegations of Paragraph 49 of the Complaint.

50.     Denies the allegations of Paragraph 50 of the Complaint.

ANSWER OF DEFENDANT NAMECHEAP, INC.

1    51.    Denies the allegations of Paragraph 51 of the Complaint.

2    52.    Denies having knowledge or information sufficient to form a belief as

3    to the allegations of Paragraph 52 of the Complaint and, therefore, denies same.

4    53.    Denies having knowledge or information sufficient to form a belief as

5    to the allegations of Paragraph 53 of the Complaint and, therefore, denies same.

6    54.    Denies having knowledge or information sufficient to form a belief as

7    to the allegations of Paragraph 54 of the Complaint and, therefore, denies same.

8    55.    Denies having knowledge or information sufficient to form a belief as

9    to the allegations of Paragraph 55 of the Complaint and, therefore, denies same.

10    56.    Denies having knowledge or information sufficient to form a belief as

11    to the allegations of Paragraph 56 of the Complaint and, therefore, denies same.

12    57.    Denies having knowledge or information sufficient to form a belief as

13    to the allegations of Paragraph 57 of the Complaint and, therefore, denies same.

14    58.    Denies having knowledge or information sufficient to form a belief as

15    to the allegations of Paragraph 58 of the Complaint and, therefore, denies same.

16    59.    Denies having knowledge or information sufficient to form a belief as

17    to the allegations of Paragraph 59 of the Complaint and, therefore, denies same.

18    60.    Denies having knowledge or information sufficient to form a belief as

19    to the allegations of Paragraph 60 of the Complaint and, therefore, denies same.

20    61.    Denies having knowledge or information sufficient to form a belief as

21    to the allegations of Paragraph 61 of the Complaint and, therefore, denies same.

22    62.    Denies having knowledge or information sufficient to form a belief as

23    to the allegations of Paragraph 62 of the Complaint and, therefore, denies same.

24    63.    Denies having knowledge or information sufficient to form a belief as

25    to the allegations of Paragraph 63 of the Complaint and, therefore, denies same.

26    64.    Denies having knowledge or information sufficient to form a belief as

27    to the allegations of Paragraph 64 of the Complaint and, therefore, denies same.

28

65.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 65 of the Complaint and, therefore, denies same.

66.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 66 of the Complaint and, therefore, denies same.

67.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 67 of the Complaint and, therefore, denies same.

68.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 68 of the Complaint and, therefore, denies same.

69.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 69 of the Complaint and, therefore, denies same.

70.     Admits that Marc Randazza contacted Defendant's counsel concerning the Domain.  Denies the remaining allegations of Paragraph 70 of the Complaint.

71.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 71 of the Complaint and, therefore, denies same.

72.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 72 of the Complaint and, therefore, denies same.

73.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 73 of the Complaint and, therefore, denies same.

74.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 74 of the Complaint and, therefore, denies same.

75.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 75 of the Complaint and, therefore, denies same.

76.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 76 of the Complaint and, therefore, denies same.

77.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 77 of the Complaint and, therefore, denies same.

78.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 78 of the Complaint and, therefore, denies same.

79.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 79 of the Complaint and, therefore, denies same.

80.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 80 of the Complaint and, therefore, denies same.

81.     Admits that Eugene Rome and Mr. Randazza communicated by telephone and e-mail.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 81 of the Complaint and, therefore, denies same.

82.     Admits that Mr. Rome and Mr. Randazza communicated concerning Plaintiff's contentions relating to the solidhost.com domain name.  Admits that Mr. Randazza demanded an immediate transfer of the domain name to Plaintiff.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 82 of the Complaint and, therefore, denies same.

83.     Admits that Mr. Rome requested evidence concerning ownership of the solidhost.com domain name and evidence of Plaintiff's allegations of theft. Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 83 of the Complaint and, therefore, denies same.

84.     Admits that on August 11, 2008 Plaintiff provided a declaration allegedly signed by an individual named Andre Van Vliet.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 84 of the Complaint and, therefore, denies same.

85.     Admits that Plaintiff's counsel represented that the allegations of the "hacking" were remitted to the registrant of the solidhost.com domain name, who asserted that he purchased the domain.  Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 85 of the Complaint and, therefore, denies same.

**ANSWER OF DEFENDANT NAMECHEAP, INC.**

86.     Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 86 of the Complaint and, therefore, denies same.

87.     Denies the allegations of Paragraph 87 of the Complaint.

88.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 88 of the Complaint and, therefore, denies same.

89.     Denies the allegations of Paragraph 89 of the Complaint.

90.     Denies the allegations of Paragraph 90 of the Complaint.

91.     Denies the allegations of Paragraph 91 of the Complaint.

92.     Denies the allegations of Paragraph 92 of the Complaint.

93.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 93 of the Complaint and, therefore, denies same.

94.     Denies the allegations of Paragraph 94 of the Complaint.

95.     Admits that on August 18, 2008, Plaintiff filed the initial complaint in this action, naming Demand Media, Inc., Defendant and a Doe defendant as defendants in this action.   Denies having knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 95 of the Complaint and, therefore, denies same.

96.     Admits the allegations of Paragraph 96 of the Complaint.

97.     Admits that Defendant, through counsel, disclosed to Plaintiff the contact information provided to Defendant by the registrant of the solidhost.com domain name.  Denies the remaining allegations of the Complaint.

98.     Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 98 of the Complaint and, therefore, denies same.

ANSWER OF DEFENDANT NAMECHEAP, INC.

1

2

## COUNT I

3

## FEDERAL CLAIM AGAINST DEFENDANT DOE FOR

4

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

5

## 18 U.S.C § 1030

6     99.    Insofar as Plaintiff's Count VI against Defendant is predicated upon

7    this Count, Defendant, answering Paragraph 99 of the Complaint, incorporates by

8    reference its responses to Paragraphs 1-98 of the Complaint, inclusive.

9     100.   Insofar as Plaintiff's Count VI against Defendant is predicated upon

10   this Count, Defendant, admits that Plaintiff is attempting to characterize 18 U.S.C.

11   § 1030(a)(5)(A), which speaks for itself.

12    101.   Insofar as Plaintiff's Count VI against Defendant is predicated upon

13   this Count, Defendant denies having knowledge or information sufficient to form a

14   belief as to the allegations of Paragraph 101 of the Complaint and, therefore, denies

15   same.

16    102.   Insofar as Plaintiff's Count VI against Defendant is predicated upon

17   this Count, Defendant denies having knowledge or information sufficient to form a

18   belief as to the allegations of Paragraph 102 of the Complaint and, therefore, denies

19   same.

20    103.   Insofar as Plaintiff's Count VI against Defendant is predicated upon

21   this Count, Defendant denies having knowledge or information sufficient to form a

22   belief as to the allegations of Paragraph 103 of the Complaint and, therefore, denies

23   same.

24    104.   Insofar as Plaintiff's Count VI against Defendant is predicated upon

25   this Count, Defendant denies having knowledge or information sufficient to form a

26   belief as to the allegations of Paragraph 104 of the Complaint and, therefore, denies

27   same.

28

105. Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 105 of the Complaint and, therefore, denies same.

106. Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant, admits that Plaintiff is attempting to characterize 18 U.S.C. § 1030(a)(5)(C), which speaks for itself.

107. Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 107 of the Complaint and, therefore, denies same.

108. Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 108 of the Complaint and, therefore, denies same.

109. Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 109 of the Complaint and, therefore, denies same.

110. Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 110 of the Complaint and, therefore, denies same.

111. Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant, admits that Plaintiff is attempting to characterize 18 U.S.C. § 1030(g), which speaks for itself.

## COUNT II

## FEDERAL CLAIM AGAINST DEFENDANTS DOE AND NAMECHEAP

## FOR CYBERPIRACY 15 U.S.C. §§ 1117 and 1125(d)(1)

112.   Answering Paragraph 112 of the Complaint, incorporates by reference its responses to Paragraphs 1-111 of the Complaint, inclusive.

113.   Admits that Plaintiff is attempting to characterize 15 U.S.C. § 1125(d), which speaks for itself.

114.   Denies the allegations of Paragraph 114 of the Complaint.

115.   Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 115 of the Complaint and, therefore, denies same.

116.   Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 116 of the Complaint and, therefore, denies same.

117.   Denies the allegations of Paragraph 117 of the Complaint.

118.   Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 118 of the Complaint and, therefore, denies same.

119.   Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 119 of the Complaint and, therefore, denies same.

120.   Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 120 of the Complaint and, therefore, denies same.

121.   Denies the allegations of Paragraph 121 of the Complaint.

122.   Denies the allegations of Paragraph 122 of the Complaint.

123.   Denies the allegations of Paragraph 123 of the Complaint.

124.   Admits that Plaintiff is attempting to characterize the WhoisGuard Privacy Protection Service Agreement, which speaks for itself.

125.   Denies the allegations of Paragraph 125 of the Complaint.

126.   Denies the allegations of Paragraph 126 of the Complaint.

127.   Denies the allegations of Paragraph 127 of the Complaint.

128.   Denies the allegations of Paragraph 128 of the Complaint.

129.   Denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 129 of the Complaint and, therefore, denies same.

130.   Denies the allegations of Paragraph 130 of the Complaint.

131.   Admits that Plaintiff seeks the relief stated in Paragraph 131 of the Complaint, but denies that Plaintiff is entitled to such relief.

132.   Denies the allegations of Paragraph 132 of the Complaint.

## COUNT III

## STATE LAW CLAIMS AGAINST DEFENDANTS DOE, ENOM AND DEMAND MEDIA FOR CONVERSION OF PERSONAL PROPERTY

133.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant, answering Paragraph 133 of the Complaint, incorporates by reference its responses to Paragraphs 1-132 of the Complaint, inclusive.

134.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 134 of the Complaint and, therefore, denies same.

135.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 135 of the Complaint and, therefore, denies same.

136.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 136 of the Complaint and, therefore, denies same.

137.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 137 of the Complaint and, therefore, denies same.

138.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 138 of the Complaint and, therefore, denies same.

139.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 139 of the Complaint and, therefore, denies same.

140.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 140 of the Complaint and, therefore, denies same.

141.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 141 of the Complaint and, therefore, denies same.

142.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 142 of the Complaint and, therefore, denies same.

143.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 143 of the Complaint and, therefore, denies same.

144.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 144 of the Complaint and, therefore, denies same.

145.  Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 145 of the Complaint and, therefore, denies same.

146.  Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 146 of the Complaint and, therefore, denies same.

147.  Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 147 of the Complaint and, therefore, denies same.

148.  Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 148 of the Complaint and, therefore, denies same.

149.  Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 149 of the Complaint and, therefore, denies same.

**COUNT IV**

**STATE LAW CLAIMS AGAINST DEFENDANTS DOE, ENOM AND DEMAND MEDIA FOR INTERNATIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

150.  Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant, answering Paragraph 150 of the Complaint, incorporates by reference its responses to Paragraphs 1-149 of the Complaint, inclusive.

**ANSWER OF DEFENDANT NAMECHEAP, INC.**

151.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 151 of the Complaint and, therefore, denies same.

152.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 152 of the Complaint and, therefore, denies same.

153.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 153 of the Complaint and, therefore, denies same.

154.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 154 of the Complaint and, therefore, denies same.

155.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 155 of the Complaint and, therefore, denies same.

## COUNT V

## STATE LAW CLAIMS AGAINST DEFENDANTS DOE, ENOM AND DEMAND MEDIA FOR VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

156.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant, answering Paragraph 156 of the Complaint, incorporates by reference its responses to Paragraphs 1-155 of the Complaint, inclusive.

157.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant admits the allegations of Paragraph 157 of the Complaint.

158.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 158 of the Complaint and, therefore, denies same.

159.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 159 of the Complaint and, therefore, denies same.

160.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 160 of the Complaint and, therefore, denies same.

161.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant denies having knowledge or information sufficient to form a belief as to the allegations of Paragraph 161 of the Complaint and, therefore, denies same.

162.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant, admits that Plaintiff seeks the relief stated in Paragraph 162 of the Complaint, but denies that Plaintiff is entitled to such relief.

163.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant, admits that Plaintiff seeks the relief stated in Paragraph 163 of the Complaint, but denies that Plaintiff is entitled to such relief.

164.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count, Defendant, admits that Plaintiff seeks the relief stated in Paragraph 164 of the Complaint, but denies that Plaintiff is entitled to such relief.

## COUNT VI

## STATE LAW CLAIM AGAINST DEFENDANT NAMECHEAP FOR BREACH OF CONTRACTUAL DUTIES OWED TO 3RD PARTY BENEFICIARY

165.   Answering Paragraph 165 of the Complaint, incorporates by reference its responses to Paragraphs 1-164 of the Complaint, inclusive.

166.   Admits the allegations of Paragraph 166 of the Complaint.

167.   Denies the allegations of Paragraph 167 of the Complaint.

168.   Denies the allegations of Paragraph 168 of the Complaint.

169.   Denies the allegations of Paragraph 169 of the Complaint.

170.   Denies the allegations of Paragraph 167 of the Complaint.

171.   Denies the allegations of Paragraph 170 of the Complaint.

## COUNT VII

## STATE LAW CLAIM AGAINST DEFENDANT NAMECHEAP UNDER CALIFORNIA'S UNFAIR COMPETITION STATUTES

172.   Answering Paragraph 172 of the Complaint, incorporates by reference its responses to Paragraphs 1-171 of the Complaint, inclusive.

173.   Admits the allegations of Paragraph 173 of the Complaint.

174.   Admits the allegations of Paragraph 174 of the Complaint.

175.   Denies the allegations of Paragraph 175 of the Complaint.

176.   Denies the allegations of Paragraph 176 of the Complaint.

177.   Denies the allegations of Paragraph 177 of the Complaint.

178.   Denies the allegations of Paragraph 178 of the Complaint.

179.   Admits that Plaintiff seeks the relief stated in Paragraph 179 of the Complaint, but denies that Plaintiff is entitled to such relief.

180.   Admits that Plaintiff seeks the relief stated in Paragraph 180 of the Complaint, but denies that Plaintiff is entitled to such relief.

1                                            **<u>COUNT VIII</u>**

2                    **<u>CLAIM AGAINST ALL DEFENDANTS FOR RELATED</u>**

3                 **<u>DECLARATORY AND PERMANENT INJUNCIVE RELIEF</u>**

4       181.    Answering Paragraph 181 of the Complaint, incorporates by reference

5 its responses to Paragraphs 1-180 of the Complaint, inclusive.

6       182.    Admits that Defendant denies any liability to Plaintiff.    Defendant

7 denies having knowledge or information sufficient to form a belief as to the

8 remaining allegations of Paragraph 182 of the Complaint and, therefore, denies

9 same.

10       183.    Admits that Plaintiff seeks the relief stated in Paragraph 183 of the

11 Complaint, but denies that Plaintiff is entitled to such relief.

12               **<u>AMOUNT OF ACTUAL DAMAGES CLAIMED</u>**

13       184.    Admits that Plaintiff seeks the relief stated in Paragraph 184 of the

14 Complaint, but denies that Plaintiff is entitled to such relief.

15                     **<u>PRAYERS FOR RELIEF</u>**

16       185.    Denies that Plaintiff is entitled to any relief sought in its Prayers for

17 Relief.

18                     **<u>AFFIRMATIVE DEFENSES</u>**

19                   **<u>FIRST AFFIRMATIVE DEFENSE</u>**

20                         **(Failure to State a Claim)**

21       186.    The Complaint fails to allege facts sufficient to state a claim against

22 Defendant.

23                   **<u>SECOND AFFIRMATIVE DEFENSE</u>**

24                       **(Release and Indemnity)**

25       187.    Plaintiff is a commercially sophisticated business entity.

26       188.    eNom requires any party that registers a domain name with eNom as

27 the registrar to click its assent to eNom's Registration Agreement, appended as

28

Exhibit "A" to Defendant eNom and Demand Media, Inc.'s Answer to the Second

Amended Complaint.

189.   eNom's Registration Agreement provides:

> YOU AGREE THAT WE WILL NOT BE LIABLE FOR
> ANY. . . (8) LOSS OR LIABILITY RESULTING FROM
> THE UNAUTHORIZED USE OR MISUSE OF YOUR
> ACCOUNT IDENTIFIER OR PASSWORD; . . . . YOU
> ALSO AGREE THAT NEITHER WE NOR YOUR
> PRIMARY SERVICE PROVIDER WILL BE LIABLE
> FOR ANY INDIRECT, SPECIAL, INCIDENTAL, OR
> CONSEQUENTIAL DAMAGES OF ANY KIND
> (INCLUDING LOST PROFITS) REGARDLESS OF THE
> FORM OF ACTION WHETHER IN CONTRACT, TORT
> (INCLUDING NEGLIGENCE), OR OTHERWISE . . . .
>
>     *        *        *
>
> INDEMNITY: With respect to ICANN, the registry
> operators, us, and your Primary Service Provider, as well
> as the **contractors**, **agents**, employees, officers, directors,
> shareholders, and **affiliates** of such parties, you agree to
> release, indemnify, and hold such parties harmless from all
> liabilities, claims and expenses, including attorney's fees
> and court costs, for third party claims relating to or arising
> under this Agreement, the Service(s) provided hereunder,
> or your use of the Service(s), including, without limitation,
> infringement by you, or by anyone else using the
> Service(s) we provide to you, of any intellectual property
> or other proprietary right of any person or entity, or from

1    the violation of any of our operating rules or policies

2    relating to the Service(s) provided.

3    190.   On information and belief, Plaintiff read and understood eNom's

4    registration agreement prior to clicking its assent to the agreement.

5    191.   Accordingly, it released Defendant, a re-seller of eNom's registration

6    services, and, therefore, eNom's contractor, agent and/or affiliate from all of the

7    claims for damages stated against Defendant to the same extent as eNom and

8    Demand Media, Inc.

9    **THIRD AFFIRMATIVE DEFENSE**

10    **(Failure to Mitigate Damages)**

11    192.   Plaintiff's claims are barred in whole or in part because Plaintiff has

12    failed to mitigate its alleged damages.

13    **FOURTH AFFIRMATIVE DEFENSE**

14    **(Waiver)**

15    193.   Plaintiff is a commercially sophisticated business entity.

16    194.   eNom requires any party that registers a domain name with eNom as

17    the registrar to click its assent to eNom's Registration Agreement, appended as

18    Exhibit "A" to Defendant eNom and Demand Media, Inc.'s Answer to the Second

19    Amended Complaint.

20    195.   eNom's Registration Agreement provides:

21    YOU AGREE THAT WE WILL NOT BE LIABLE FOR

22    ANY. . . (8) LOSS OR LIABILITY RESULTING FROM

23    THE UNAUTHORIZED USE OR MISUSE OF YOUR

24    ACCOUNT IDENTIFIER OR PASSWORD; . . . . YOU

25    ALSO AGREE THAT NEITHER WE NOR YOUR

26    PRIMARY SERVICE PROVIDER WILL BE LIABLE

27    FOR ANY INDIRECT, SPECIAL, INCIDENTAL, OR

28    CONSEQUENTIAL DAMAGES OF ANY KIND

21

1    (INCLUDING LOST PROFITS) REGARDLESS OF THE

2    FORM OF ACTION WHETHER IN CONTRACT, TORT

3    (INCLUDING NEGLIGENCE), OR OTHERWISE . . . .

4             *          *          *

5    INDEMNITY: With respect to ICANN, the registry

6    operators, us, and your Primary Service Provider, as well

7    as the **contractors**, **agents**, employees, officers, directors,

8    shareholders, and **affiliates** of such parties, you agree to

9    release, indemnify, and hold such parties harmless from all

10    liabilities, claims and expenses, including attorney's fees

11    and court costs, for third party claims relating to or arising

12    under this Agreement, the Service(s) provided hereunder,

13    or your use of the Service(s), including, without limitation,

14    infringement by you, or by anyone else using the

15    Service(s) we provide to you, of any intellectual property

16    or other proprietary right of any person or entity, or from

17    the violation of any of our operating rules or policies

18    relating to the Service(s) provided.

19    196.   On information and belief, Plaintiff read and understood eNom's

20 registration agreement prior to clicking its assent to the agreement.

21    197.   Accordingly, Plaintiff's claims against NameCheap are barred in whole

22 or in part by the doctrine of waiver because by clicking its assent to eNom's

23 Registration Agreement Plaintiff agreed to waive its claims for damages against

24 Defendant, a re-seller of eNom's registration services, and, therefore, eNom's

25 contractor, agent and/or affiliate, and agreed that Defendant would not be held

26 liable for damages resulting from an unauthorized use of Plaintiff's account with

27 eNom.

28

**ANSWER OF DEFENDANT NAMECHEAP, INC.**

## **FIFTH AFFIRMATIVE DEFENSE**

### **(Assumption of Risk)**

198.   Plaintiff's claims are barred in whole or in part by the doctrine of waiver because by clicking its assent to eNom's Registration Agreement Plaintiff agreed to waive its claims for damages and agreed that Defendant would not be held liable for damages resulting from an unauthorized use of Plaintiff's account with eNom. Plaintiff therefore assumed the risk of damages that it seeks to recover by this action against Defendant.

## **SIXTH AFFIRMATIVE DEFENSE**

### **(Estoppel)**

199.   Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## **SEVENTH AFFIRMATIVE DEFENSE**

### **(No Injury)**

200.   Plaintiff cannot recover against Defendant on any of its claims alleged in the Complaint because Plaintiff has not suffered any actual injury or the loss of money or property as a result of any purported unfair business practices by Defendant.

## **EIGHTH AFFIRMATIVE DEFENSE**

### **(No Violation of Public Policy)**

201.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count V against Doe, Demand Media and eNom, Defendant asserts this affirmative defense: Plaintiff cannot obtain any remedy under the Revised Code of Washington §§ 19.86.020 *et. seq.,* including without limitation the remedies of treble damages, injunctive relief, attorneys' fees or other relief under Revised Code of Washington § 19.86.090 because neither of the defendants has engaged in any actions that offend an established public policy and Plaintiff's claims against

defendants, including those claims upon which Plaintiff's unfair competition claim is predicated, do not affect the public interest.

## NINTH AFFIRMATIVE DEFENSE

### (No Violation of Public Policy)

202.   Plaintiff cannot obtain any remedy under California Business & Professions Code § 17200, *et seq.*, because  Defendant has not engaged in any actions that offend an established public policy and Plaintiff's claims against Defendant, including those claims upon which Plaintiff's unfair competition claim is predicated, do not affect the public interest.

## TENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

203.   Plaintiff cannot obtain any remedy against Defendant, who is immunized from liability for the alleged activities under the safe-harbor provisions of 15 U.S.C. § 1114(2)(D)(i)(I).

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

204.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count V against Doe, Demand Media and eNom, Defendant asserts this affirmative defense: Plaintiff cannot obtain any remedy under the Revised Code of Washington §§ 19.86.020 *et. seq.,* including without limitation the remedies of treble damages, injunctive relief, attorneys' fees or other relief under Revised Code of Washington § 19.86.090 because Plaintiff's cannot show that any of the defendants' actions were the proximate cause of damages sustained.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

205.   Insofar as Plaintiff's Count VI against Defendant is predicated upon this Count I against Doe, Defendant asserts this affirmative defense: Plaintiff cannot obtain any remedy under 18 U.S.C. § 1030, including without limitation the

1  remedies of damages, injunctive relief, attorneys' fees or other relief because

2  Plaintiff's cannot show that any of the defendants' actions were the proximate cause

3  of damages sustained.

4                    **THIRTEENTH AFFIRMATIVE DEFENSE**

5                         **(Comparative Negligence)**

6       206.   Plaintiff cannot recover against Defendant on any of its claims alleged

7  in the Complaint because any damage or loss suffered by Plaintiff was proximately

8  caused, in whole or in part, by the intentional acts, conduct, negligence or omission

9  of Plaintiff.  To the extent Plaintiff is determined to be liable for the loss or damage

10 it has suffered, the liability for such loss or damaged must be apportioned.

11                   **FOURTEENTH AFFIRMATIVE DEFENSE**

12                        **(Adequate Legal Remedy)**

13      207.   Plaintiff's request for injunctive relief is barred because Plaintiff has an

14 adequate remedy at law for any damages resulting from the actions alleged in the

15 Complaint.

16                    **FIFTEENTH AFFIRMATIVE DEFENSE**

17                         **(Acts of Third Parties)**

18      208.   The damages, if any, that were allegedly sustained by Plaintiff as a

19 result of the acts alleged in the Complaint were caused in whole or in part or were

20 contributed to by reason of the acts, omissions, negligence, and/or intentional

21 misconduct of third parties over which Defendant had no control.

22                       **RESERVATION OF RIGHTS**

23      209.   There may be additional affirmative defenses currently unknown to

24 Defendant. Therefore, Defendant reserves the right to amend this answer to allege

25 additional affirmative defenses in the event that discovery or other information

26 indicates that they are appropriate.

27      **WHEREFORE**, Defendant prays for relief as follows:

28

**ANSWER OF DEFENDANT NAMECHEAP, INC.**

1.   That Plaintiff takes nothing on its Complaint and that the Complaint is dismissed in its entirety;

2.   Granting to Defendant the costs of this action including but not limited to attorneys' fees, costs, and disbursements;

3.   Granting such other, further and different relief as the Court deems just and proper.

Dated:  May 21, 2009                    **ROME & ASSOCIATES, A.P.C.**
Eugene Rome


By: /s/ Eugene Rome
EUGENE ROME
Attorneys for Defendant NAMECHEAP, INC.


## **DEMAND FOR JURY TRIAL**

Defendant NameCheap, Inc. hereby requests a trial by jury.


Dated:  May 21, 2009                    **ROME & ASSOCIATES, A.P.C.**
Eugene Rome


By: /s/ Eugene Rome
EUGENE ROME
Attorneys for Defendant NAMECHEAP, INC.

**ANSWER OF DEFENDANT NAMECHEAP, INC.**