```
 1  John H. Weston (SBN: 46146)
    johnhweston@wgdlaw.com
 2  G. Randall Garrou (SBN: 74442)
    randygarrou@wgdlaw.com
 3  Weston, Garrou, Walters & Mooney
    12121 Wilshire Boulevard, Suite 900
 4  Los Angeles, California 90025-1176
    Telephone: (310) 442-0072
 5  Facsimile: (310) 442-0899

 6  Attorneys for Plaintiff
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID HOST, NL<br><br>Plaintiff,<br><br>vs.<br><br>NAMECHEAP, INC., etc., *et al.*,<br><br>Defendants. | Case No: CV 08-5414 MMM (Ex)<br><br>**PLAINTIFF'S EX PARTE APPLICATION UNDER LOCAL RULE 7-19 FOR AN ORDER UNDER FRCP 4(f) RECOGNIZING SUFFICIENCY OF ATTEMPTS AT ALTERNATIVE SERVICE ON FOREIGN DEFENDANT JOHN DOE OR, IN THE ALTERNATIVE, FOR ORDER ALLOWING SERVICE BY PUBLICATION AND ADDITIONAL TIME IN WHICH TO ACCOMPLISH SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**PROPOSED ORDER LODGED UNDER SEPARATE COVER]**<br><br>**Judge:** Margaret M. Morrow |

Pursuant to Local Rule 7-19, plaintiff Solid Host, NL ("plaintiff") hereby applies, ex parte, for the following limited relief:

(1) an order under F.R.Civ.P. 4(f) recognizing the sufficiency of attempts at alternative service on foreign defendant John Doe or, in the alternative;

PRG7288.DOC

(2) an order allowing service on Doe by publication or whatever other manner of service this Court may direct, and additional time in which to accomplish such service.

The reasons for the relief here requested are set forth in the Memorandum below, and in the accompanying declarations of Marc J. Randazza and G. Randall Garrou.

## MEMORANDUM

**1.      Contact Information for Opposing Counsel**

<u>Counsel for defendants Demand Media, Inc. and eNom, Inc.</u>:

    Wendy Mantell, Esq.,
    Greenberg Traurig LLP,
    2450 Colorado Avenue, Suite 400 East, Santa Monica, CA 90404
    Tel.: (310) 586-6522.

<u>Counsel for defendant NameCheap, Inc.</u>:

    Eugene Rome, Esq.,
    Rome & Associates, A.P.C.,
    1801 Century Park East, Suite 475
    Los Angeles, CA 90067
    Tel.: (310) 445-4080.

**2.      Reasons for Seeking relief by way of an Ex Parte Order**

This order is sought by way of Ex Parte Application because, by virtue of this Court's order of July 20, 2009 (Doc. 83), plaintiff was allowed 10 days in which to seek the relief sought herein and, because of the 20 day notice requirement of Local Rule 7-3, there was insufficient time for this relief to be sought by a noticed motion.

### 3. Points and Authorities in Support

**A. Pursuant to FRCP 4(f)(3) and governing case law, the type of service accomplished in this case is deemed sufficient, and particularly where, as here, the defendant is a foreign citizen in a Country not subject to the Hague Convention.**

As documented in the accompanying declarations of Marc J. Randazza, defendant John Doe appears to be a resident of Brazil. As demonstrated in the accompanying declarations of Mr. Randazza and Mr. Garrou, plaintiff has attempted service on this defendant on at least four different occasions by the means most likely to actually reach the defendant's attention, including sending all required process to the sole email address through which that defendant originally made contact with the plaintiff, as well as subsequent delivery to the email address Doe listed as its contact information with defendant NameCheap. Plaintiff also made two attempts at service by Federal Express, but the Federal Express authorities in Brazil who attempted such delivery concluded that both addresses were invalid (one of which was supplied by Doe to NameCheap as his official contact information in connection with his domain name account).

FRCP 4(f) is the applicable rule governing service of individuals in foreign countries. It provides three distinct methods for accomplishing such service, none of which must be exhausted before resorting to any other. Because Brazil is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, the options under FRCP 4(f)(1) are inapplicable.

Plaintiff here seeks an order authorizing service under the option provided in FRCP 4(f)(3), i.e., the option of seeking a court order for accomplishing service by

PRG7288.DOC

1  "any other means not prohibited by international agreement."  In contrast, the
2  alternative methods under FRCP 4(f)(2) are far more cumbersome and time-
3  consuming and the Court of Appeals has held that they need not be exhausted before
4  seeking a court order under FRCP 4(f)(3), as plaintiff is doing here.  *See Rio*
5  *Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  As that
6  court stated: "service of process under FRCP 4(f)(3) is neither a "last resort" nor
7  "extraordinary relief."  *Id.*   Rather, "[i]t is merely one means among several which
8  enables service of process on an international defendant."  *Id.*
9      Ultimately, the Court of Appeals concluded that:
10     "Rule 4 (f)(3) is an equal means of effecting service under the Federal
11     Rules of Civil Procedure, and we commit to the sound discretion of
12     the district court the task of determining when the particularities and
13     necessities of a given case require alternate service of process under
14     Rule 3 (f)(3)."  *Id*. at 1016.
15     The Due Process Clause of the Fourteenth Amendment does not require
16 absolute proof that the defendant was in fact served with process.  "Personal service
17 has not in all circumstances been regarded as indispensable to the process due to
18 residents, and it has more often been held unnecessary as to nonresidents."  *Mullane*
19 *v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865
20 (1950).  Due process requires only that the method of service be "*reasonably*
21 *calculated, under all the circumstances, to apprise interested parties of the pendency*
22 *of the action.*"  *Id.* (emphasis added).
23     This suit includes a request to resolve ownership rights to a domain name.
24 When Doe registered that domain name with defendant NameCheap, he listed only
25 the email address and street address to which plaintiff has already sent all process.
26 Plaintiff has sent process to both that email address and that mailing address, in
27 addition to also sending it to an email address which the defendant actually in fact
28

4

used at one point to communicate with plaintiff. Consequently, Doe cannot claim a lack of fair notice in a suit to resolve ownership of such a domain name.

Plaintiff believes its attempts to serve Doe in the present case, documented in the Randazza and Garrou declarations, comport with the requirements of Due Process and establish the type of circumstances justifying a court order deeming plaintiff to have effected alternate service under FRCP 4(f)(3). The case law supports this, and has repeatedly approved service by email pursuant to FRCP 4(f)(3) when traditional methods are impractical or ineffective. *See, e.g.*, *In re International Telemedia Associates, Inc.*, 245 B.R. 713, 719-720 (N.D. Ga. Bankr. 2000) (authorizing service by email and fax where those were the only methods utilized by the defendant for communication); *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1017 (9th Cir. 2002) (applying FRCP Rule 4(f)(3) to authorize a variety of methods of service, and specifically approving the district court's order authorizing service of process by email, stating: "Considering the facts presented by this case, we conclude not only that service of process by email was proper – that is, reasonably calculated to apprise RII of the pendency of the action and afford it an opportunity to respond – but in this case, it was the method of service most likely to reach RII"); *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 561-563 (E.D. Tenn. 2004) (citing *Rio Properties* and, under circumstances nearly identical to those here, approving efforts at service where a copy of the summons and complaint "was sent via Federal Express to defendant to the address supplied by defendant to its domain name registrar" – notwithstanding that the package was not deliverable because the address provided by defendant was an 'incorrect address'," and a copy of the complaint, summons and relevant papers was also sent via email to the email addresses "supplied by defendant to its domain name registrar," i*d.* at 562); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483, 485-487 (N.D. W.Va. 2005) (citing *Rio Properties* and approving service on foreign defendants by email); and *Viz Communications, Inc. v. Redsun*, 2003 WL 23901766

5

(N.D. Cal. 2003) (unpublished opinion citing *Rio Properties* and rejecting challenge to service where court had previously authorized service on "an international business scofflaw by email").

The guiding principle here was best stated in *In re International Telemedia Associates*:

> "If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them." 245 B.R. at 721.

Moreover, no additional methods of service would be more likely than those already employed herein to in fact reach defendant Doe. For this reason, plaintiff requests that the Court deem the service accomplished thus far sufficient to secure jurisdiction over Doe and requests that the Court not require additional and, frankly, meaningless, service by publication.

Lastly, should the Court feel that the efforts at accomplishing service to date are insufficient, plaintiff requests an order under FRCP 4(f)(3) allowing alternate service to be accomplished under any manner the Court may direct, as well as a reasonable amount of time in which to accomplish such service.

**B.  No defendant will be unfairly surprised or prejudiced by the issuance of the relief sought by this application.**

Obviously, this motion will not unfairly surprise or prejudice the corporate defendants herein. Nor will it unfairly surprise or prejudice defendant John Doe. The emails initially sent to John Doe at mario.stoker@gmail.com were not shown as having been returned as undeliverable.

PRG7288.DOC

### 4. Counsel's Statement Re Notice and Position of Opposing Parties

On July 28, 2009, at 4:37 pm, undersigned counsel sent an email to Wendy Mantell, counsel for defendants eNom and Demand Media, and to Eugene Rome, counsel for defendant NameCheap, Inc., informing them of the nature of this application and the relief sought, and asking if their clients intended to file any opposition to the relief sought by this application. Ms. Mantell responded, stating that her clients would not file opposition to the motion. Mr. Rome responded similarly, stating that his client would not file opposition to the motion.

Respectfully submitted,

Dated: July 30, 2009      **WESTON, GARROU, WALTERS & MOONEY**

                                                 s/
                                         **G. Randall Garrou**
                                         Attorneys for Plaintiff
                                         Solid Host, NL

PRG7288.DOC

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to defendant Doe by an email sent on this 30th day of July, 2009, to marcelo@expanding.br.com (the email address obtained from defendant NameCheap, and the last known email address for defendant Doe) and also to mario.stoker@gmail.com (the only email address for defendant Doe from which he is known to have communicated).

/s/
G. Randall Garrou

PRG7288.DOC