# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-05414 MMM (Ex) | Date | August 11, 2009 |
| Title | *Solid Host, NL v. Namecheap, Inc. et al.* | | |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| | |
|---|---|
| ANEL HUERTA | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **Order Denying Plaintiff's *Ex Parte* Application for an Order Recognizing Sufficiency of Attempts at Alternative Service on Foreign Defendant John Doe**

On August 17, 2008, Solid Host, NL filed this action against defendants NameCheap, Inc., dba Whois Guard Protected; Demand Media, Inc., dba eNom, Inc.; and John Doe 1. Solid Host alleges that Doe "hijacked" its domain name, <solidhost.com>. Although the action is nearly a year old, Solid Host has yet to serve Doe. On July 30, 2009, Solid Host filed an *ex parte* application seeking either: an order recognizing the sufficiency of its prior attempts to serve Doe; or an order permitting service of Doe in "any manner the Court may direct," and additional time in which to accomplish service.[1]

### I.  FACTUAL BACKGROUND

In August of 2008, after Solid Host discovered that it had lost control of <solidhost.com>, an individual identifying himself as Mario sent several emails to Solid Host's owner, offering to sell the domain name.[2] The messages were sent from the email address mario.stoker@gmail.com.[3] Shortly thereafter, Solid Host's counsel Marc Randazza sent an email to a different address, which was displayed on the website controlled by Doe located at <solidhost.com>; he did not receive a response by email.[4] However, an individual who introduced himself as Marcello called Randazza's

---

[1] Plaintiff's Ex Parte Application (Pl.'s App.) at 1, 6.

[2] Declaration of Marc Randazza ("Randazza Decl."), ¶ 3, Exh. A.

[3] *Id.*, ¶ 4.

[4] *Id.* Randazza does not specify the email address.

cell phone and offered to sell the domain name.⁵ Randazza avers that he determined the call was placed from a number registered in Venezuela.⁶ On August 27, 2008, Randazza emailed copies of all the documents then filed in the case, including the summons and complaint to mariostoker@gmail.com.⁷ Randazza asserts that "[t]o the best of [his] recollection" he did not receive a message indicating that the email was undeliverable.⁸

On September 4, 2008, defendant NameCheap, Inc. provided Solid Host with the contact information Doe had given it when he registered <solidhost.com> through NameCheap.⁹ The information was as follows: Maria Ediluza de Souza, Expanding Telecom, Rua Dr. Homem de Melo, Sao Paulo, BR/05007-002.¹⁰ On September 22, 2008, Randazza attempted to send a letter including all the documents filed in the case to the address provided.¹¹ However, Federal Express was unable to deliver the letter.¹² Randazza asserts that Federal Express then attempted to deliver the letter to 1075# SL 2, Perdizes, Brazil 05007, an address "that either my staff or Federal Express said might be valid for the defendant."¹³ Federal Express was unable to deliver the letter to this address as well.¹⁴

On May 29, 2009, a secretary employed by Solid Host's counsel sent four emails to the address Marcelo@expanding.br.com, which Doe had provided to NameCheap.¹⁵ The messages were returned as undeliverable.¹⁶ Solid Host apparently has not attempted to contact Doe since May 29, 2009, and did not attempt to contact him between September 2008 and May 29, 2009.

## II.  DISCUSSION

Solid Host requests that the court "recognize the sufficiency of [its] attempts" at service under Rule 4(f)(3). Solid Host's request misapprehends Rule 4(f)(3). Rule 4(f)(3) provides that service

---

⁵*Id.* Randazza states that he did not provide his cell phone number in the email message.

⁶*Id.*

⁷*Id.*, ¶ 5.

⁸*Id.*, ¶ 6.

⁹*Id.*, ¶ 7.

¹⁰*Id.*

¹¹*Id.*, ¶ 8.

¹²*Id.*, ¶ 9.

¹³*Id.*, ¶ 10. Randazza does not offer any explanation as to how it was determined that the party named as "John Doe" in this case might be located at the address.

¹⁴*Id.*

¹⁵Declaration of G. Randall Garrou ("Garrou Decl."), ¶ 4.

¹⁶*Id.*, ¶ 5.

upon an individual not within a judicial district of the United States may be effected "by other means not prohibited by international agreement as may be directed by the court." FED.R. CIV. P. 4(f)(3). As the Ninth Circuit explained in *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007(9th Cir. 2002):

> "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* at 1014.

"Even if facially permitted by Rule 4(f)(3)," however, "a method of service of process must also comport with constitutional notions of due process." *Id.* at 1016. To meet this requirement, service must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." See *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004).

Contrary to Solid Host's request, Rule 4(f)(3) does not permit a party to attempt alternative service without court approval and then seek the court's validation of its efforts after the fact, particularly nearly a year after the fact. See *Brockmeyer*, 383 F.3d at 806.(under Rule 4(f)(3), plaintiffs "must obtain prior court approval for the alternative method of serving process"); *Rio*, 284 F.3d at 1018 ("[A] plaintiff may not generally resort to email service on his own initiative"); *International Raelian Movement v. Hashem*, No. CIV. S-08-687 FCD/DAD, 2009 WL 2136958, *1 (E.D. Cal. July 15, 2009) ("Because the court may not retroactively validate alternative means of service, plaintiff's motion for an order allowing alternative service of process under FRCP 4(f)(3) *nunc pro tunc* must be denied"). Accordingly, the court denies Solid Host's request for an order finding that its efforts at services under Rule 4(f)(3), attempted without prior court approval, were sufficient.

In the alternative, Solid Host requests that the court "allow[ ] alternate service to be accomplished under any manner the Court may direct."[17] Solid Host's application does not describe or propose any potential methods of alternative service.[18] The court declines Solid Host's request to devise appropriate alternative methods of service under Rule 4(f)(3) absent any effort by Solid Host to do so, particularly considering Solid Host's delay in seeking approval for alternative service. See *Emine Technology Co., Ltd. v. Aten Intern. Co., Ltd.*, No. C 08-3122 PJH, 2008 WL 5000526, *5 (N.D. Cal. Nov. 21, 2008) ("It is not the court's role to figure out what other means of service are available or whether those means are or are not prohibited by any international agreement"). Even if the court were so inclined, the limited information regarding Doe's whereabouts included in Solid Host's application does not permit the court determine what method of service would be reasonably

---

[17]Pl.'s App. at 6.

[18]Solid Host does not suggest that service at the email addresses at which it previously attempted service would be appropriate at this point, presumably because its delay has made it unlikely that Doe may still be reached at those addresses.

calculated to provide him or her notice of the action at this stage of the proceedings.[19]  Accordingly, the court denies Solid Host's *ex parte* application.

### III.  CONCLUSION

For the reasons stated, the court denies Solid Host's *ex parte* application for approval of alternative service under Rule 4(f)(3).

---

[19] It is unclear at this point whether Doe is a single individual.